# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DION DARREN HALL,**

              **Petitioner,**

      v.                                                Case No. 14-CV-1538

**DAVID CLARKE,**

              **Respondent.**

## ORDER

Dion Darren Hall was charged in Milwaukee County Circuit Court on November 18, 2014, with one count of attempted theft from a person in violation of Wis. Stat. § 943.20(1)(a). *State v. Hall*, 2014CF5098 (Milwaukee Cnty. Cir. Ct), available at wcca.wicourts.gov. He was arrested, made his initial appearance in court on November 19, 2014, and bond was set at $1500.00. *Id.* There is no indication bond was ever posted. On January 14, 2015, Hall pled guilty, was found guilty, and sentencing is scheduled for January 27, 2015. *Id.*

According to Hall, immediately after he was arrested, immigration officials placed a "hold" on him. (ECF No. 1.) He argues that this hold is "arbitrary" because he is not a danger to the community, is no risk to flee, has attended all his immigration

proceedings, has lived in the United States for over 15 years, has four children, and has no criminal record, (ECF No. 1 at 2, 7.) Therefore, on December 10, 2014, he filed with this court a petition for a writ of habeas corpus under 28 U.S.C. § 2241 wherein he seeks to challenge the hold placed by immigration officials. (ECF No. 1.) The petition was randomly assigned to this court and Hall has consented to this court entering final judgment in this matter. (ECF No. 6.)

Accompanying his petition was a motion for leave to proceed in forma pauperis. (ECF No. 2.) Certain difficulties with the institution where he is incarcerated initially prevented Hall from providing the court with his institutional trust account statement and Hall asked the court to order the institution to provide it. (*See* ECF No. 7.) However, the court recently received his trust account statement. (ECF No. 8.) Having reviewed it and Hall's financial affidavit the court concludes that Hall lacks the financial resources to pay the $5.00 filing fee. Therefore, the court grants Hall's petition to proceed without prepayment of fees and/or costs. (ECF No. 2.) Hall's separate motion for an order compelling the institution to provide his trust account statement (ECF No. 7) is moot and denied as such.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Therefore the court must now screen

Hall's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases.

Immigration officials generally use a hold, often referred to as a detainer, *see, e.g.*, 8 C.F.R. § 287.7; DHS Form I-247, available at www.ice.gov/doclib/secure-communities/pdf/immigration-detainer-form.pdf DHS Form I-247 (last visited January 27, 2015), to request that an entity having custody of an individual notify them prior to the release of the individual so that they can arrange to take custody of the individual. *See* 8 C.F.R. § 287.7(a). Hall has not provided the court with a copy of the detainer that was served on the State of Wisconsin with respect to him.

Hall asserts that he is incarcerated pursuant to an "indefinite hold" placed by immigration officials. However, a review of court records pursuant to Fed. R. Evid. 201 reveals that Hall is incarcerated pursuant to an order of the state court. *See State v. Hall*, 2014CF5098 (Milwaukee Cnty. Cir. Ct). There is no evidence that the existence of the immigration detainer has had any impact upon his current status. For example, there is no evidence that the state court denied Hall bail because of the immigration detainer, *see Kendall v. INS*, 261 F. Supp. 2d 296, 299 (S.D.N.Y. 2003), that he was denied access to

certain programs because of the detainer, *see U.S. ex rel. Castaneda v. United States*, 1992 U.S. Dist. LEXIS 16703, 1 (N.D. Ill. Nov. 2, 1992), or that he was subject to a more restrictive security classification as a result of the detainer, *see Campillo v. Sullivan*, 853 F.2d 593, 594 (8th Cir. 1988).

Nor does Hall dispute that he satisfies the requirements for an immigration detainer under 8 U.S.C. § 1357(d) and 8 C.F.R. § 287.7, which authorize immigration officials to place a detainer upon a person who is an alien in the custody of a federal, state, or local law enforcement agency. Rather, Hall seems to be arguing that, for a variety of reasons, he should be released on bond; he mistakenly asserts that all that stands in his way is the immigration detainer. The record suggests that his current incarceration is not due to the detainer but because he has not yet posted bond in the state proceedings.

Notwithstanding Hall's apparent misunderstanding as to the reason why he is currently detained, at this preliminary stage of the proceedings the court's review is limited to discerning whether Hall's petition is plausibly sufficient to proceed.

"The writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). Hall is in the physical custody of Wisconsin officials, not immigration authorities. Yet his petition challenges only the actions of immigration officials. Thus, for Hall's petition to be sufficient to proceed, he must be in the custody

4

of immigration officials, as the term "custody" is defined in the context of federal habeas law.

"On its face the statute does not require actual physical restraint to establish custody." *Vargas v. Swan*, 854 F.2d 1028, 1030 (7th Cir. 1988). "Whether someone who is not under physical constraint can be considered in custody depends on the amount of restriction placed on his or her individual liberty." *Id.* (quoting *Harts v. Indiana*, 732 F.2d 95, 96 (7th Cir. 1984)). The restriction must amount to a severe restraint on individual liberty before it is deemed custody. *Id.*

Unlike other courts of appeals that have held that an immigration notice of detainer does not place the prisoner in the custody of immigration officials , *see Zolicoffer v. United States DOJ*, 315 F.3d 538, 539 (5th Cir. 2003) (per curiam); *Garcia v. Taylor*, 40 F.3d 299, 304 (9th Cir. 1994); *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994) (noting that detainer alone did not render petitioner in custody but existence of final order of deportation did amount to custody); *Roldan v. Racette*, 984 F.2d 85, 88 (2d Cir. 1993) (citing cases); *Prieto v. Gluch*, 913 F.2d 1159, 1162 (6th Cir. 1990), in *Vargas* the Court of Appeals for the Seventh Circuit left the door open to the possibility that a person subject to an immigration detainer might be in custody sufficient to seek relief by way of a federal habeas corpus petition. Whether an immigration detainer is sufficiently restrictive to constitute custody requires consideration of the nature and consequences of the specific detainer. *Vargas*, 854 F.2d at 1033. If the effect of the

detainer is for the current custodian to hold the "prisoner for a future custodian who has evidenced an intent to retake or to decide the prisoner's future status at the end of his or her current confinement," the detainer is sufficient to establish custody for habeas purposes. *Id.* at 1032; *see also Echenique v. Perryman*, 1996 U.S. Dist. LEXIS 14123, 10-12 (N.D. Ill. Sept. 23, 1996) (discussing *Vargas*).

Because the court does not have a copy of Hall's detainer it is not possible for the court to definitively determine whether the effects of the detainer placed upon Hall are sufficient to put him in the constructive custody of immigration officials. The standard immigration detainer form, DHS Form I-247, contains multiple boxes that may be checked depending upon the circumstances. One box corresponds to a request that, once the prisoner is eligible for release, he be held for up to 48 hours to permit immigration officials to take him into custody. *See* DHS Form I-247. If this box was checked on Hall's form, then under *Vargas* Hall would appear to be in the custody of immigration officials for purposes of 28 U.S.C. § 2241. If it is not checked, absent some other change in circumstance (e.g., Hall having been transferred from state custody to the physical custody of immigration officials), Hall likely would not be in custody of immigration officials for the purposes of 28 U.S.C. § 2241 and his petition would have to be dismissed for lack of subject matter jurisdiction. Thus, before the court can determine whether Hall's petition is sufficient to proceed, it is necessary for Hall to provide the court with a copy of the detainer that immigration officials placed upon him.

Should the court, after receiving Hall's detainer, conclude that Hall is in the custody of immigration officials, still more is required of Hall before the government is obligated to respond to his petition. Hall must also sufficiently allege that he is in custody "in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In his petition, Hall's claims focus upon the assertion that he is detained pursuant to an "arbitrary" and "indefinite hold" placed by immigration officials. However, as discussed above, there is no indication that immigration officials have yet addressed the question of bond. In the absence of immigration officials having denied Hall a bond hearing, *see, e.g., Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 235 (3d Cir. 2011), or, under certain circumstances, bond itself, *see, e.g., Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011), the court is unable to discern any plausible claim that Hall has that is cognizable in an action under 28 U.S.C. § 2241. Hall must explain in what way the detainer deprives him of a constitutional or other federal legal right.

Moreover, although not statutorily required for a habeas petition under 28 U.S.C. § 2241, federal courts generally require that prisoners exhaust all available administrative remedies before seeking habeas relief. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). There is no indication that Hall has sought *any* relief from immigration officials, much less exhausted all available relief before turning to the federal court. (*See* ECF No. 1 at 5 (indicating Hall has not filed an appeal with the Board of Immigration Appeals).) Exhaustion protects the authority of administrative agencies

7

and promotes judicial efficiency. *Gonzalez*, 355 F.3d at 1017 (*quoting McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Not only will the agency be given the first opportunity to correct any error that it made, thus potentially mooting the need for court intervention, but it will develop the legal and factual record that will assist the court in the event it later does need to take some action. *Id.* at 1018. Here, there is no apparent reason for excusing Hall from the requirement that he first exhaust his administrative remedies before immigration officials before he seeks habeas relief. *See id.* at 1016 (quoting *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002)) (discussing reasons to excuse exhaustion requirement). Although Hall indicates that he wrote a letter to immigration officials (ECF No. 1 at 3), such an inquiry would not constitute exhaustion.

Therefore, for the reasons set forth above, the court shall order Hall to re-submit his petition for a writ of habeas corpus using this court's standard form, which the Clerk shall provide to Hall along with this order. This form must be completed in its entirety. The new petition will take the place of Hall's prior petition; consequently, Hall should not refer to or attempt to incorporate by reference his initial petition into his new petition. The new petition must be complete and fully state any claim for relief he wishes to make. In explaining his claims, Hall must state with particularity not only what law or provision of the Constitution he alleges is violated as a result of the immigration detainer but also why he believes the detainer is unlawful. Hall must also either provide the court with additional facts demonstrating that he *has* exhausted his

administrative remedies or show cause why he should not be required to do so. Finally, Hall must include with his amended petition a copy of the detainer that immigration officials lodged.

**If Hall fails to submit an amended petition that fully complies with this order by February 27, 2015, his petition and this action will be dismissed.**

Finally, Hall has also filed a motion for the appointment of counsel. (ECF No. 5.) The court shall defer resolution of this motion until the court has determined whether this action is sufficient to proceed.

**IT IS THEREFORE ORDERED** that Hall's petition to proceed without prepayment of fees and/or costs (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Hall's motion (ECF No. 7) is **denied as moot**.

**IT IS FURTHER ORDERED** that not later than **February 27, 2015**, Hall shall file an amended petition that fully complies with this order. **If Hall fails to submit an amended petition that fully complies with this order by February 27, 2015, Hall's petition and this action will be dismissed.** The Clerk shall provide Hall with a copy of this court's § 2241 petition form.

Dated at Milwaukee, Wisconsin this 27th day of January, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge